UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MORGANTOWN MACHINE & HYDRAULICS OF OHIO, INC., et al., | ) ) ) | CASE NO. 5:15-cv-1310 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| AMERICAN PIPING PRODUCTS, INC., | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for reconsideration or, in the alternative, to certify question for interlocutory appeal pursuant to 28 U.S.C. §1292(b), filed by plaintiffs Morgantown Machine & Hydraulics of Ohio, Inc. ["MMHOH"] and Swanson Industries, Inc. [collectively, "plaintiffs"] (Doc. No. 21 ["Mot."].) Defendant American Piping Products, Inc. ["APP"] filed a memorandum in opposition (Doc. No. 22 ["Opp'n"]) and plaintiffs filed a reply (Doc. No. 24 ["Reply"]).

### I. PROCEDURAL BACKGROUND

On February 23, 2016, this Court issued its Memorandum Opinion and Order ["Transfer Order"], along with a Judgment Entry, transferring this case to the United States District Court for the Eastern District of Missouri. (*See* Doc. Nos. 15, 16.) In the Transfer Order, the Court concluded that the agreement between the parties contained an applicable forum selection clause, although the Court expressly took no position as to the validity or enforceability of any of the other terms and conditions in the parties' agreement.

On plaintiffs' subsequent motion, the Court stayed execution of the Transfer Order. (*See* Doc. No. 19, quoting *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009) (since "[j]urisdiction follows the file … [a] sensible first step [to challenge transfer is] … to seek a stay of the transfer order, so that the file—and thus jurisdiction—would … remain with the transferor court long enough … to seek reconsideration.").)

Plaintiffs now argue that "the Court erred in finding as a matter of law, at this preliminary stage, that a forum selection clause, the applicability of which is disputed, was incorporated by reference into the parties' agreement." (Mot. at 233[1] ¶ 7.) In the alternative, plaintiffs request that the Court certify an interlocutory appeal to the Sixth Circuit.

## II. THE TRANSFER ORDER AND THE PARTIES ARGUMENTS

In the Transfer Order, the Court set forth the following undisputed facts, with pinpoint citations to the record:

> On June 1, 2011, Jack Marshall, MMHOH's Products Specialist, requested a price quotation from APP by utilizing the "Request a Quote" form on APP's website.
>
> On August 10, 2011, Richard Gilmore, MMHOH's Materials Manager, received an email from James Hofman, an APP salesman, with APP's Price Quotation Q132442, which stated: "This quotation and all sales resulting from it, are subject to our Standard Terms & Conditions of Sale and available upon your request." It further directed Gilmore to APP's website at www.amerpipe.com.
>
> Following a telephone conference between Gilmore and Hofman, Q132442 was revised to clarify certain requirements for the tubing described in the price quotation. The language quoted above regarding "Standard Terms & Conditions of Sale" was also on every page of the revised price quotation.
>
> On August 15, 2011, MMHOH issued its Purchase Order 24531 ("PO") to APP for the purchase of "tubing per Quote Q132442." MMHOH never requested a copy of APP's Standard Terms & Conditions of Sale referenced in Quote

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

>Q132442, nor did PO 24531 reflect any objection by MMHOH to those Terms & Conditions.
>
>On August 29, 2011, Hofman sent Gilmore an email, attaching APP Order Confirmation S224352 in PDF format, and requesting that Gilmore review and confirm that it was correct. Every page of Order Confirmation S224352 stated: "Please review this sales confirmation for accuracy. [APP] terms and conditions of sale can be viewed at http://www.amerpipe.com/terms-conditions.php."
>
>On September 1, 2011, Gilmore emailed Hofman, indicating that "everything is correct."
>
>The Standard Terms & Conditions of Sale, including the forum selection clause, were verified by Hofman as having remained unchanged since prior to June 1, 2011, and as having been accessible at APP's website, and otherwise available upon request, throughout the parties' negotiations.
>
>MMHOH never objected to the Standard Terms & Conditions of Sale or to their incorporation into the contract. Nor has MMHOH ever asserted that it was unaware of or never noticed the reference to the Standard Terms & Conditions of Sale.

(Transfer Order at 208-210, 214.)

In their motion, plaintiffs assert that reconsideration of the Transfer Order is warranted for three reasons: (1) the Order reflects errors of law with respect to the contract formation process and the incorporation-by-reference analysis, and misapprehends plaintiffs' argument regarding the insufficiency of the incorporating language set forth in APP's price quotations and order confirmation; (2) the Order makes factual determinations without viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to plaintiffs and makes credibility determinations in the absence of a hearing; and (3) the Order fails to evaluate the public interests relevant to its transfer analysis and does not reflect full appreciation of the impact of the findings on the remaining proceedings in this litigation.

In opposition, defendant argues that: (1) despite their current argument, (a) plaintiffs have failed to identify particular "factual disputes" or "credibility determinations" that the Court

allegedly improperly made, and that the *undisputed* facts in the record do support transfer, and (b) plaintiffs have failed to supply any legal authority for their argument that facts contained in sworn declarations needed to be "corroborated" (e.g., by way of a hearing) before the Court could accept them as true; (2) plaintiffs make no new arguments regarding whether the terms and conditions should be incorporated by reference, but only rehash their original arguments, which were rejected by the Court; and (3) the impact of the Transfer Order was properly considered and resolved, applying the proper standards.

In reply, plaintiffs adhere to their assertion that the Court may not "at this juncture" decide whether the forum selection clause applies and that, generally, because there was no "meeting of the minds" regarding the Terms & Conditions of Sale, the Court cannot conclude that they were included in the parties' agreement.

### III. ANALYSIS

**A.      Motion for Reconsideration**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)).

The purpose of a motion to alter or amend judgment is to request reconsideration of matters "properly encompassed in a decision on the merits." *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989). "It is not the function of a motion

to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). In other words, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991) (citation omitted).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). Moreover, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law that would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Plaintiffs base their motion on the third element above – that reconsideration is warranted to prevent both a clear error of law and to prevent manifest injustice. The Court finds only limited merit in plaintiffs' motion, primarily because it raises mostly matters that were already addressed and resolved – a fact noted by defendant in its opposition. Although plaintiffs couch their motion in language of "error" and "misapprehension" on the Court's part, the arguments and legal issues raised are essentially the very same as were raised in plaintiffs' opposition to the motion to transfer.

The only issue raised in the current motion that the Court did not directly address in its original Transfer Order was the element of "public interest." The Court will do so now.

In *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, -- U.S. --, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013), the Court held that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 581 (citation and quotation marks omitted) (alteration in original). The Court then acknowledged that a valid forum-selection clause "requires district courts to adjust their usual § 1404(a) analysis" under which the court "must evaluate both the convenience of the parties [i.e. private interests] and various public-interest considerations." *Id.* Under the "adjusted" analysis, private interests must be ignored because they are waived by a valid forum-selection clause; but public interest factors may still be considered, including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* n. 6 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)).

In a one-paragraph argument, plaintiffs assert that, because MMHOH is an Ohio-based company, there is a "local interest in having this action decided in this forum." (Mot. at 247.) Plaintiffs further assert, without legal citation in support, that "this dispute, which bears absolutely no connection to Missouri apart from the fact that APP is based there, has directly and significantly impacted a company based in this forum, a particularly important public interest." (*Id.*) The Court is not persuaded. The "local interest" plaintiffs' cite is as much MMHOH's private interest as it may be Ohio's public interest. Moreover, under the parties' agreement, not only did they select Missouri as the venue for any dispute, but Missouri law also applies, making it the "forum that is at home with the law." *Id.* Therefore, the public interest factor does not

weigh heavily in Ohio's or plaintiffs' favor and does not render this a "most exceptional case[]" under *Atlantic Marine*.

Plaintiffs' motion to reconsider is granted, but upon reconsideration, the Court sees no reason to vacate the Transfer Order.

**B.     Motion for Interlocutory Appeal under 28 U.S.C. § 1292(b)**

In the alternative, plaintiffs move for certification of an interlocutory appeal to the Sixth Circuit.

Under 28 U.S.C. § 1292(b), if a district court is of the opinion that one of its orders that is otherwise not appealable "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the court may certify that order for interlocutory appeal. Section 1292(b) is, however, written in the conjunctive, requiring satisfaction of all three elements. Here, even assuming that the first two elements are met, plaintiffs cannot satisfy the third element and, therefore, an interlocutory appeal should not be permitted.

Plaintiffs argue that, "[s]ince discovery has yet to commence in this action and no trial date is set, an interlocutory appeal would not cause any excessive delay or disrupt the proceedings in this action." (Mot. at 250.) The Court fails to see the logic of this argument. An interlocutory appeal would be nothing *but* disruptive because it would completely prevent *all* the pre-trial actions that plaintiffs correctly note have yet to commence, actions that will have to occur no matter what the forum. As a result, an interlocutory appeal would do *nothing* to "materially advance the ultimate termination of the litigation."

In addition, even if an interlocutory appeal were to be accepted, which is not a foregone conclusion, and if the Sixth Circuit determined that there is no valid and enforceable forum selection clause, that would accomplish but one thing – keeping the case in the Northern District of Ohio rather than transferring it to the Eastern District of Missouri. In either court, the substantive issues that this Court expressly declined to consider would still remain for resolution,[2] but would have been delayed by however long the interlocutory appeal would take. This is hardly the "material[] advance[ment] … of the litigation" required by the statute. Accordingly, plaintiffs' motion to certify an interlocutory appeal is denied.

Finally, the Court acknowledges that plaintiffs, in footnote 1 of their motion, ask the Court to further stay the transfer for ten days to provide plaintiffs an opportunity to determine whether to seek a writ of mandamus. "The writ of mandamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *In re United States v. Norcal Tea Party Patriots*, No. 15-3793, 2016 WL 1105007, at *6 (6th Cir. Mar. 22, 2016) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004)). "Mandamus should issue only in 'exceptional circumstances' involving a 'judicial usurpation of power' or a 'clear abuse of discretion.'" *Id.*

In light of this case law, the Court is of the belief that the issue of the *forum* where this case will proceed is not an issue of such "exceptional circumstances" such as would warrant the extraordinary avenue of mandamus. Accordingly, the request to continue the stay is denied.

---

[2] The Court rejects plaintiffs' assertion that the mere finding by this Court of a valid and enforceable forum selection clause will trigger some sort of deference by the Missouri court, rendering that court unable to make independent determinations regarding the other issues that have plaintiffs worried, in particular, whether they are bound by *all* the Terms & Conditions of Sale or will be free to argue that some of the terms are unconscionable. This Court expressly concludes that it has made no determination about the applicability, the enforceability, or the validity of any of the other Terms & Conditions of Sale.

8

## IV. CONCLUSION

For the reasons discussed herein, plaintiffs' motion for reconsideration (Doc. No. 21, Part 1) is granted; but, upon reconsideration, the Court adheres to its Memorandum Opinion and Order, and Judgment Entry, dated February 23, 2016.

Further, plaintiffs' motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) (Doc. No. 21, Part 2) is denied.

Finally, plaintiffs' request to continue the stay of transfer is also denied and the stay issued on February 25, 2016 is lifted.

The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Missouri pursuant to the Judgment Entry dated February 23, 2016.

**IT IS SO ORDERED**.

Dated: June 30, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**